**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**Pedro HERNANDEZ, Defendant—**
**Appellant.**

No. 02–30305, 02–30412.

D.C. No. CR–97–00124–JDS,
CR–98–00120–JDS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 13, 2003.

Lori Harper Suek, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Timothy J. Cavan, Esq., Robin B. Hammond, Esq., Federal Public Defenders of

Montana, Billings, MT, for Defendant–Appellant.

Before WARDLAW, GOULD, and PAEZ, Circuit Judges.

## MEMORANDUM *

Pedro Hernandez brings these consolidated appeals from the imposition of sentence following his convictions in *United States v. Rodriguez,* the "marijuana conspiracy case," and *United States v. Hernandez,* the "money laundering case." We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We reject Hernandez's assertion of *Apprendi* error in his marijuana conspiracy case. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Drug identity was an element of the offense charged in the marijuana conspiracy case, which had to be proven beyond a reasonable doubt. Jury Instruction 34, for example, required the government to prove beyond a reasonable doubt that "the defendant intentionally delivered marijuana." While drug quantity was not submitted to the jury, the district court correctly calculated Hernandez's sentence because "the 'prescribed statutory maximum' for a single conviction under [21 U.S.C. § 841(b)(1)(D) ] for an undetermined amount of marijuana is five years." *United States v. Nordby,* 225 F.3d 1053, 1059 (9th Cir.2000), *overruled on other grounds by United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (*en banc* ). This five year sentence dictated by 21 U.S.C. § 841(b)(1)(D) was then properly doubled pursuant to a notice filed under 21 U.S.C. § 851, which increases punish-

ment due to prior felony drug convictions. Therefore, Hernandez's sentence in the marijuana conspiracy case does not violate *Apprendi.* We have previously ruled that it is proper to stack the statutory maximum terms and thus the district court did not err in doing so here. *Buckland,* 289 F.3d at 570.

Because the district court did not err in calculating Hernandez's sentence in the marijuana conspiracy case, it follows that the sentence in the money laundering case was also properly calculated.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

